MoKinney, J.,
delivered the opinion of the Court.
The complainant, who is creditor of the defendant Rawlings, seeks, by this bill, to have satisfaction of his debt out of the proceeds of certain property conveyed by the defendant, in trust, on the ground that the conveyance is fraudulent.
The defendant, Rawlings, being largely indebted to different persons, on the 30th of May, 1857, made an assignment of his mercantile effects and other personal property, to the defendant Stark, for the benefit of the creditors therein named, including the complainant.
The deed provides, that the several creditors named therein, “shall be entitled to their pro rata part of this assignment, provided they will make their election (on, receiving notice of this assignment) to accept their pro-rata part of said proceeds, m full discharge of their said debts, respectively; hut not otherwise.’.’ Eour months are allowed, within which, the creditors named may elect whether to accept or refuse the terms of the assignment; and the “assignment is to. be closed out in twelve months,” if practicable.. The deed further provides, that in the event “ only a part of my said creditors elect to relinquish their said claims on me, and take the pro rata, then and in that case, those- *36 accepting the terms of tbe assignment shall be entitled to a full distribution of the whole proceeds, pro rata, among them.” And, in conclusion, it is further provided, that “should there be more than enough to fully pay off all the debts of those who accept this assignment, the surplus is to he paid to me.”
The proceeds of the trust property are not sufficient, perhaps, to pay one-fourth of the debts specified in the deed.
The complainant refused to assent to the terms of the assignment, and insists that he is entitled to full satisfaction of his debt, regardless thereof, on the ground that it is fraudulent, in law, upon its face.
The authorities, upon this general subject, present a most remarkable diversity and contrariety of judicial opinion, in the Courts of the different States.
According to some of the cases, an assignment stipulating for a release, on the unqualified condition of excluding the non-releasing creditor from all benefit under the assignment, would seem to be considered valid. In other cases it is held, that where the stipulation for a release is only made a condition of preference, postpon. ing thereby the non-releasing creditors to those who release, the assignment is valid. And other cases hold that all such stipulations are in violation of the just rights of creditors, and therefore void.
The course of decision with us, has been in ac-cor dance with the latter cases.
By the terms of the deed before us, all creditors who do not agree to accept a pro rata share of the fund created by the deed, in full discharge of their debts, are absolutely excluded from all benefit under the *37 assignment. And, by tbe express provision of tbe instrument, if tbe fund should turn out to be more than sufficient for .the discharge of the claims of the creditors who may accept the terms, the surplus is to be appropriated, not for the benefit of other creditors, but is to be paid to the debtor.
This is an attempt to exert a power over creditors not sanctioned by our law. The debtor, even under the insolvent laws, after the surrender of his property "for the benefit of his creditors, could not claim to be discharged from payment of any portion of the debt that might remain unsatisfied. By our law, nothing can exonerate the debtor from the obligation to pay the full amount of his just debts, but the voluntary release of the creditor. And, of course, the attempt to coerce a release, by making it a condition of the deed, that the refusal to release shall operate as a forfeiture of any benefit under the assignment, can be of no avail, except to destroy the deed. Such a stipulation is regarded, in law, as furnishing conclusive evidence of an intent “to hinder, delay and defraud creditors of their just and lawful debts.”
Of like character is the other provision of the deed, reserving any surplus of the fund to the debtor’s own benefit.
For these reasons the assignment must be declared void; and the complainant will be entitled to satisfaction of his debt out of the fund. See 11 Humph., 283.
Decree reversed.